## DUDLEY v. RAYMOND.

(Supreme Court, Appellate Division, First Department.    December 29, 1911.)

MUNICIPAL CORPORATIONS (§ 705*)—STREETS—AUTOMOBILES—INJURIES TO PEDESTRIANS.

> Decedent, 61 years of age, while crossing a street, was within 8 or 10 feet of the further curb, when she was struck by defendant's automobile, and injured so that she died. The chauffeur was proceeding slowly. He sounded his horn, and the car was under complete control. He saw decedent, and acted instantly. The street was crowded at the time with people. *Held*, that the accident itself was insufficient to establish the driver's negligence, and that the proof independent thereof did not show actionable negligence.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705;* Highways, Cent. Dig. §§ 459–469.]

> Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Guilford Dudley, as ancillary administrator of the estate of Samantha V. Dudley, deceased, against Harry Raymond. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN. CLARKE, SCOTT, and DOWLING, JJ.

Hays, Hershfield & Wolf (Daniel P. Hays, of counsel, and Ralph Wolf and Walter J. Rose, on the brief), for appellant.

Beard & Paret (William M. Beard, of counsel, and Walter P. Paret and Daniel V. Sullivan, on the brief), for respondent.

CLARKE, J. On Wednesday afternoon, December 2, 1908, at about 5 o'clock, the decedent, a widow 61 years of age, having attended a matinée performance, was proceeding down Broadway, and while crossing Forty-Fifth street had reached to within 8 or 10 feet of the curb on the southerly side of the street. An automobile belonging to the defendant, and driven by his chauffeur, on its way from the garage

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date,.& Rep'r Indexes

to defendant's house on East Forty-Fifth street, turned from Broadway into Forty-Fifth street. The fender, just forward of the front wheel on the south side, hit the decedent at about the knee. She fell in a sitting position, and then her head was snapped back and hit the asphalt pavement. She received a concussion of the brain, and died in a few hours in the hospital to which she had been removed. The wheel did not run over her, but her dress was caught under the tire, so that the brakes had to be released, and the machine pushed back to enable her to be lifted.

It is an established fact that the car was stopped within four or five inches. The overwhelming evidence is that the chauffeur was sounding his horn and proceeding slowly around the corner. That he had the machine under control is demonstrated by its immediate stop. Even if we eliminate from consideration the testimony of the chauffeur, "It seems to me that the woman was going over the street, and when she got to a certain distance, and got in front of a cab or wagon, or whatever it is there, she wheeled right around quick, and the minute she wheeled around, and she was coming back toward the car, I put the brakes on," I think it clear that the finding that the chauffeur was negligent was against the evidence. He was proceeding slowly; he was sounding his horn; he had his car under complete control; he saw the decedent, and acted instantly. The street was crowded at the time with people pouring out of the theaters in the vicinity, and two ladies crossed immediately in front of the car. One of them testified:

"The horn blew a couple of times, because it drew my attention and I walked across in front of it; it was coming slowly, and I didn't have to hurry."

This judgment cannot be sustained upon the evidence, unless we are prepared to hold that, when an automobile hits a pedestrian, the happening of the accident itself is proof of the negligence of the driver thereof. We do not understand that to be the law.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN, SCOTT, and DOWLING, JJ., concur. INGRAHAM, P. J., dissents.